UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Sandra Jo Bruess,                                        Bky. No. 14-34922

            Debtor(s).                                      Chapter 7 Case

---

**NOTICE OF HEARING AND MOTION FOR LEAVE TO WITHDRAW
AS ATTORNEY OF RECORD**

---

TO:    The debtor, Michael S. Dietz, Chapter 7 Trustee, United States Trustee and all other parties entitled to notice under Local Rules 2002-1 and 9013-3.

1. Stephen J. Behm, the debtor's attorney of record, individually and on behalf of Behm Law Group, Ltd., moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing concerning this motion on Tuesday, December 18, 2018 at 10:00 a.m. in before the Honorable William J. Fisher, Judge of Bankruptcy Court, Courtroom 2B, United States Courthouse, 316 North Robert Street, Saint Paul, MN 55101.

3. Any response to this motion must be filed and served by Wednesday, December 12, 2018, which is five (5) days prior to the time set for hearing (including Saturdays, Sundays and holidays) **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion or this motion is authorized under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This Chapter 7 case was commenced on December 15, 2014 and the debtor's First Meeting of Creditors was held on January 7, 2015. The court issued a discharge order in the debtor's favor on April 8, 2015. This case was formally closed on January 18, 2017 and an order reopening the case was entered on November 7, 2018. This case is now pending in this Court.

5. This motion arises under 11 U.S.C. §§ 105, 329 and §521, Bankruptcy Rule 9010 and Local Rule 9010-3.

1

6. This motion is premised upon the following reasons:

   A. Pursuant to 11 U.S.C. §522(b)(3), the debtor asserted a homestead exemption claim pursuant to M.S.A. §§510.01 and 510.02. The trustee objected to the debtor's exemption claim under 11 U.S.C. §522(p)(1). The court sustained the trustee's objection on March 31, 2015 and limited the debtor's homestead exemption claim to $155,675.00.
   B. The debtor recently engaged counsel to pursue a potential malpractice claim against the undersigned. The debtor and her counsel have asserted that the potential claim belongs to the debtor and debtor's counsel has notified the United States Trustee and the Chapter 7 Trustee of that position. The Chapter 7 Trustee contends, however, that the potential malpractice claim is property of the debtor's bankruptcy estate. It is anticipated that this dispute will likely result in the Chapter 7 Trustee initiating proceedings to seek an adjudication regarding whether the potential malpractice claim is, in fact, property of the debtor's bankruptcy estate.
   C. Given the debtor's assertion that the potential malpractice claim belongs to the debtor, the debtor is under a continuing duty to amend the debtor's bankruptcy schedules to duly disclose the same. Also, given the dispute between the debtor and the trustee as to which party owns the potential malpractice claim, the debtor will need to engage separate bankruptcy counsel to litigate that issue.
   D. The undersigned is still counsel of record for the debtor. Given the alleged malpractice claim against the undersigned arising out my representation of the debtor and given that the dispute between the debtor and the Chapter 7 Trustee as to who has the right to pursue the claim will likely result in further proceedings, the undersigned has an unwaivable conflict in continuing to represent and advise the debtor in connection with this bankruptcy matter. See, Minn. R. Prof. Cond., Rule 1.7(a)(2).

WHEREFORE, the undersigned requests the Court to enter an Order as follows:

A. Allowing Stephen J. Behm and Behm Law Group, Ltd. to withdraw their representation of the debtor in the above-captioned matter.

B. For such other and further relief as the Court deems just and equitable in the premises.

Dated: this 26th day of November, 2018.

**ESKENS, GIBSON & BEHM LAW FIRM, CHTD.**

/s/ Stephen J. Behm
Stephen J. Behm
Attorney at Law
403 South Broad Street, Suite 60
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 387-7200

**VERIFICATION**

I, Stephen J. Behm, the moving party named in the foregoing Notice of Hearing and Motion for Leave to Withdraw as Attorney of Record, declare under penalty of perjury that the same is true and correct according to the best of my knowledge, information and belief.

Dated: this 26th day of November, 2018.

/s/ Stephen J. Behm
Stephen J. Behm, I.D. No. 263758
151 St. Andrew's Court, Suite 610
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 345-5500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                  Bky. No. 14-34922

Sandra Jo Bruess,

        Debtor.                               Chapter 7 Case

---

MEMORANDUM OF LAW

---

I.

### INTRODUCTION AND FACTUAL BACKGROUND

Pursuant to Local Rule 9013-2, the undersigned submits this memorandum in support of the undersigned's motion to withdraw as attorney of record in the above-captioned matter. The above-captioned matter was commenced on December 15, 2014 and the 11 U.S.C. § 341 First Meeting of Creditors was held on January 7, 2015. The court issued a discharge order in the debtor's favor on April 8, 2015. This case was formally closed on January 18, 2017 and an order reopening the case was entered on November 7, 2018. This case is now pending in this Court. Pursuant to 11 U.S.C. §522(b)(3), the debtor asserted a homestead exemption claim pursuant to M.S.A. §§510.01 and 510.02. The trustee objected to the debtor's exemption claim under 11 U.S.C. §522(p)(1). The court sustained the trustee's objection on March 31, 2015 and limited the debtor's homestead exemption claim to $155,675.00. The debtor recently engaged counsel to pursue a potential malpractice claim against the undersigned. The debtor and her counsel have asserted that the potential claim belongs to the debtor and debtor's counsel has notified the United States Trustee and the Chapter 7 Trustee of that position. The Chapter 7 Trustee contends, however, that the potential malpractice claim is property of the debtor's bankruptcy estate. It is anticipated that this dispute will likely result in the Chapter 7 Trustee initiating

1

proceedings to seek an adjudication regarding whether the potential malpractice claim is, in fact, property of the debtor's bankruptcy estate.

Given the debtor's assertion that the potential malpractice claim belongs to the debtor, the debtor is under a continuing duty to amend the debtor's bankruptcy schedules to duly disclose the same. Also, given the dispute between the debtor and the trustee as to which party owns the potential malpractice claim, the debtor will need to engage separate bankruptcy counsel to litigate that issue. The undersigned is still counsel of record for the debtor. Given the alleged malpractice claim against the undersigned arising out my representation of the debtor and given that the dispute between the debtor and the Chapter 7 Trustee as to who has the right to pursue the claim will likely result in further proceedings, the undersigned has an unwaivable conflict in continuing to represent and advise the debtor in connection with this bankruptcy matter. See, Minn. R. Prof. Cond., Rule 1.7(a)(2).

## II.

### ISSUE

**Should the Court grant the Motion for Leave to Withdraw as Attorney of Record?**

### III.

### DISCUSSION

Local Rule 9010-3(g) provides, in pertinent part:

(g) SUBSTITUTION; WITHDRAWAL.

(2) Withdrawal. An attorney in a bankruptcy case whose employment was subject to approval by the court, an attorney for any party in an adversary proceeding, or an attorney for a debtor in a chapter 7 or 13 case who wishes to withdraw without a substitution of attorney shall make a motion for leave to withdraw.

2

(4) Effect of Failure to Comply. Until a substitution of attorneys is filed or an order is entered allowing the original attorney to withdraw, the original attorney is the client's attorney of record and the original attorney shall represent the attorney's client in bringing and defending all matters or proceedings in the bankruptcy case other than adversary proceedings in which the original attorney has not yet made an appearance. Failure to receive advance payment or guarantee of attorney's fees is not grounds for failure to comply with this subsection.

In re Johnson, 291 B.R. 462 (Bankr. D. Minn. 2003).   Where a conflict of interest exists between a debtor and counsel of record, allowing an attorney to withdraw as counsel of record is appropriate.  In re Burrell, 289 B.R. 109 (Bankr. .C.D. Il. 2002).  According to Minn. R. Prof. Cond., Rule 1.7(a)(2), a lawyer shall not represent a client if the representation involves a "concurrent conflict of interest" which includes the personal interest of the lawyer.  According to Minn. R. Prof. Cond., Rule 1.16(a)(1), a lawyer shall withdraw from representation of a client if the representation will result in the violation of Rules of Professional Conduct or other law. Minn. R. Prof. Cond., Rule 1.16(b)(1) and (b)(7) provide that a lawyer may withdraw representation where the withdrawal can be accomplished without material adverse effect on the interests of the client and where other good cause for withdrawal exists.

In the present case, the debtor has taken steps to assert a malpractice claim against the undersigned.  In addition, there is a dispute between the debtor and the Chapter 7 trustee as to which party owns the potential claim.  Per Local Rule 9010-3(g), counsel would be required to not only assist the debtor in amending the debtor's bankruptcy schedules to list the potential claim against the undersigned but also assist the debtor in arguing to the court that the potential claim is not property of the bankruptcy estate.  This presents a material conflict of interest and counsel's further representation of the debtor in this matter would result in a violation of the Minnesota Rules of Professional Conduct.  Since this request is being interposed shortly after the case was reopened, the debtor will have sufficient time and opportunity to engage separate

3

counsel to assist the debtor vis-à-vis amendment of the debtor's schedules and the debtor's dispute with the Chapter 7 trustee.

## IV.

## **CONCLUSION**

Based upon the foregoing, the undersigned respectfully requests the Court to grant the motion to withdraw as counsel of record for the debtor in the above-captioned matter.

Dated: this 26th day of November, 2018.

**BEHM LAW GROUP, LTD.**

/s/ Stephen J. Behm
Stephen J. Behm, #263758
Attorney for Debtor
403 South Broad Street, Suite 60
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 387-7200

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Sandra Jo Bruess,  Bky. No. 14-34922

Debtor.  Chapter 7 Case

**UNSWORN CERTIFICATE OF SERVICE**

    I, Christina Stepanek, legal assistant with Behm Law Group, Ltd., 403 South Broad Street, Suite 60, P.O. Box 1056, Mankato, MN 56002-1056, on November 26, 2018 I mailed the attached **Notice of Hearing and Motion for Leave to Withdraw as Attorney of Record and Verification, Memorandum of Law and proposed Order** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

Sandra Jo Bruess, 208 South Front Street, New Ulm, MN 56073.

Dunlap & Seeger, P.A., c/o Erin A. Collins, Attorney at Law, Dunlap & Seeger PA 30 3rd St SE, Ste 400, Rochester, MN 55903.

Estate of Donn Clem Bruess, c/o Margie R. Bodas, Attorney at Law, Lommen Abdo Law Firm, 1000 International Centre, 920 Second Ave South, Minneapolis, MN 55402.

William E. Bruess and Steven M. Bruess, c/o Margie R. Bodas, Attorney at Law, Lommen Abdo Law Firm, 1000 International Centre, 920 Second Ave South, Minneapolis, MN 55402.

Roger H. Hippert, Attorney at Law, Nierengarten & Hippert, Ltd., 11 North Minnesota, P.O. Box 214, New Ulm, MN 56073.

Upon each of the entities named below by email via CM/ECF Filing:

| | | |
|---|---|---|
| Michael S. Dietz, trustee | -- | mdietz@dunlaplaw.com |
| U.S. Trustee | -- | ustpregion12.mn.ecf@usdoj.gov |

Dated: this 26th day of November, 2018.

**ESKENS, GIBSON & BEHM LAW FIRM, CHTD.**

/s/ Stephen J. Behm
Stephen J. Behm, #0263758
Attorney for Debtors
151 St. Andrew's Court, Suite 610
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 345-5500

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Sandra Jo Bruess,                              Bky. No. 14-34922

      Debtor.                                Chapter 7 Case

---

**ORDER APPROVING WITHDRAWAL OF ATTORNEY**

---

At Saint Paul, Minnesota, <u>December 18, 2018</u>.

Based upon the Motion for Leave to Withdraw as Attorney of Record that was filed on <u>November 26, 2018</u>, by the debtor's attorney, and all of the documentation and records available to this Court;

IT IS HEREBY ORDERED: That attorney Stephen J. Behm and Behm Law Group, Ltd. shall be allowed to withdraw as counsel for the debtor in the above-captioned matter.

_____
William J. Fisher
Judge of Bankruptcy Court